IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COREY R. THOMAS, ) | |
| ) | |
| Movant, ) | |
| ) | Case No. 4:06CV01670 ERW |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon Corey R. Thomas' 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1]. The United States of America ("Respondent") filed the Government's Answer to Petition to Vacate, Set Aside, or Correct Sentence [doc. #6] on October 12, 2006.

**I.      BACKGROUND**

On March 27, 2003, probationary police officers Bryan Williams ("Williams") and Mike Betz ("Betz") (collectively, "officers") drove west in their squad car on the 4100 block of McRee in the City of Saint Louis.  The officers observed Corey R. Thomas ("Movant") lean inside the front driver's side of a maroon colored vehicle.  The car drove off and Movant walked toward the officers.  The officers then detained Movant, received his name, and checked for outstanding warrants.  Movant was placed under arrest for a probation violation.  When the officers conducted a pat down search, they recovered a bag that contained cocaine base from Movant's waistband.[1]  The officers also seized $550.00 from Movant's jacket pocket.

---

[1] Cocaine base of this type is otherwise known as "crack" cocaine.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Betz testified at trial that Williams relinquished the drugs to him and he took them to the police department laboratory to be analyzed. Betz testified that he did not weigh the drugs, but the drugs were properly marked, packaged, delivered to the police department drug laboratory, and signed into evidence.

The supervisor of the drug chemistry section of the laboratory division of the St. Louis Metropolitan Police Department, Joseph Crow, ("Crow"), testified that he received the drugs on March 27, 2003. The next day, Crow analyzed the drugs. He preformed a "color test" on one of the chunks and tested another chunk on the Fourier transfer infrared spectrophotometer. The results of both tests indicated that the chucks contained cocaine base.

Crow testified that he received an oral court order to destroy the drugs, and that the drugs were destroyed on October 9, 2003. However, this was done in error as the federal court had charged Movant in a single-count indictment. Crow testified that he would not have destroyed the drugs if he had known of the federal indictment. He also testified that no pictures were taken of the drugs and they were not fingerprinted. Finally, Crow testified that because of the destruction of drugs in Movant's case, the policy for handling and destroying large amounts of drugs had changed.

Mr. John D. Stobbs II, ("Mr. Stobbs"), represented Movant in all proceedings before the district court. Mr. Stobbs also represented Movant on appeal and filed an appellate brief on his behalf. However, Mr. Stobbs was replaced by Michael A. Goss ("Mr. Goss"), who was retained to represent Movant on direct appeal to file a petition for panel rehearing and rehearing *en banc*.

## II. PROCEDURAL HISTORY

On April 3, 3003, Movant was charged in a single-count indictment. The government

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

charged that on or about March 27, 2003 Movant knowingly and intentionally possessed with the intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1).

On November 14, 2003, Movant, with the advice of counsel, waived his evidentiary hearing and the filing of pretrial motions.  Then, on February 10, 2004, Movant filed his notice of intent to go to trial.  The government filed an information pursuant to 21 U.S.C. § 851(a)(1).  The information stated that due to Movant's previous convictions and the amount of cocaine base charged in the indictment, he would face a mandatory term of life imprisonment if convicted.

At trial, evidence of Movant's previous convictions for cocaine base in 1994 and 1998, and an incident in 2001 in which Movant was found in possession of drugs, an electronic scale, and currency were admitted pursuant to Fed. R. Evid. 404(b).  Morever, testimony regarding the drugs seized and Movant's prior conviction was admitted as well.

On February 18, 2004, the jury returned a guilty verdict.  On June 9, 2004, this Court sentenced Movant to a term of life imprisonment and a $100.00 special assessment.[2]  Movant appealed on June 10, 2004, and the Eighth Circuit affirmed his conviction on February 23, 2005. On March 9, 2005, Movant filed a petition for rehearing with a petition for rehearing *en banc*. Movant's petition for rehearing was denied on August 23, 2005.  Movant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1] on November 17, 2006.[3]  A hearing was held on May 17, 2007 in regards to Movant's

---

[2] Movant is currently incarcerated at the United States Penitentiary in Terre Haute, Indiana.

[3] 28 U.S.C. § 2255 provides for a one year period from a final judgment in which a movant may file a motion pursuant to this section.  *See Clay v. United States*, 537 U.S. 522, 524 (2003).  Movant's time for filing a petition for writ of certiorari expired on November 21, 2005, making the judgement final.  Therefore, Movant had until November 21, 2006 to file the pending

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Motion for Leave to Conduct Discovery. The Court granted, in part ,the Motion for Leave to Conduct Discovery.[4]

**III.  LEGAL STANDARD**

A federal prisoner may seek relief from a sentence imposed against him on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994) (internal citations omitted).

Section 2255 claims may also be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Moreover, even constitutional or jurisdictional claims not raised on direct appeal are procedurally defaulted unless the petitioner can demonstrate either cause for the default and actual prejudice, or actual innocence. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (*citing Murray v. Carrier*, 477 U.S. 478, 485 (1986)). An exception to this general prohibition exists only where

---

Motion. This action was timely filed.

[4] The Respondent was ordered to produce (1) the complete laboratory file, (2) all radio transmissions pertaining to Movant's arrest from the night of March 27, 2003, (3) any and all written St. Louis Metropolitan Police Department policies or procedures in existence on October 9, 2003, (4) Petitioner's original police report from March 27, 2003, and (5) any wanted checks performed by the arresting officers on March 27, 2003.

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

the alleged error constitutes a fundamental defect that inherently results in the "complete miscarriage of justice." *United States v. Manko*, 772 F.2d 481, 482 (8th Cir. 1985).

## IV. SUPPLEMENTAL REQUEST FOR AN EVIDENTIARY HEARING

Movant filed a Supplemental Request for an Evidentiary Hearing [doc. #20] on October 15, 2007. The Court must hold an evidentiary hearing to consider claims in a Section 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (*citing* 28 U.S.C. § 2255). Thus, a petitioner is entitled to an evidentiary hearing "when the facts alleged, if true, would entitle [the petitioner] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (*quoting Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Shaw*, 24 F.3d at 1043. The Court notes that Movant's claims can be conclusively determined based upon the Petition, the files, and the records of the case. Therefore, no evidentiary hearing will be held. *See Shaw*, 24 F.3d at 1043.

## V. DISCUSSION

The Sixth Amendment of the Constitution guarantees the right of the accused in criminal prosecutions to "the Assistance of Counsel." U.S. Const. Amend. VI. "[T]he right to counsel is the right to effective assistance of counsel." *Kimmelman v. Morrison*, 477 U.S. 365, 377 (1986). Here, Movant alleges three separate claims of ineffective assistance of counsel by Mr. Stobbs: (1) failure to investigate facts surrounding the initial stop of Movant and the seizure of evidence; (2) failure to seek suppression of evidence seized from the initial stop of Movant; and (3) failure to

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

argue on appeal that Movant's life sentence constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

The Supreme Court case of *Strickland v. Washington* is instructive on the requirements for a successful claim of ineffective assistance of counsel. 466 U.S. 668, 687 (1984). To be successful, Movant must demonstrate: (1) counsel's performance was deficient in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) counsel's "deficient performance prejudiced the defense." *Id.*; *see also Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995). Additionally, the burden of proof is on the Movant to demonstrate that "his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman*, 477 U.S. at 384.

To prove the first prong of the test for ineffective assistance of counsel, Movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Counsel must have "failed to exercise the customary skills and diligence that a reasonably competent attorney would [have] exhibit[ed] under similar circumstances." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Thus, Movant faces a heavy burden in overcoming the presumption that the challenged action may not be considered "sound trial strategy." *Strickland*, 466 U.S. at 689.

In evaluating the second prong, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Movant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. Movant must

6

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

affirmatively prove that the errors actually had an adverse effect on the defense that is prejudicial enough to undermine confidence in the outcome. *Id.* Even if sufficient proof of the first prong exists, relief may only be obtained if a petitioner demonstrates that the deficient performance prejudiced the case. *Id.* at 697. The Court may address the two *Strickland* prongs in any order, and if a petitioner fails to make a sufficient showing of one prong, the Court need not address the other prong. *See Strickland*, 466 U.S. at 697; *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) ("If we can answer 'no' to either question, then we need not address the other part of the test.").

**1.     Failure to Investigate Initial Stop and Seizure of Evidence**

First, Movant claims that Mr. Stobbs provided ineffective assistance of counsel by failing to conduct a proper investigation. Specifically, Movant claims that Mr. Stobbs was ineffective when he did not obtain the radio dispatch tapes from the night of his arrests, failed to run a "wanted" check to determine if the officers actually ran the warrant check on him that evening, did not hire an investigator to assist in the preparation of the case for either the evidentiary hearing or the trial, did not investigate the status of the two probationary police officers, and when he did not discover the presence of an additional officer at the scene of Movant's arrest.

Although Movant proposes several possible ways in which Mr. Stobbs could have changed his assistance to his client, he fails to show that his defense was prejudiced by these things not being investigated. For example, Movant claims that an investigation would have uncovered the police dispatch tape from Movant's night of arrest that contained no mention of the "maroon vehicle." However, there is no specific, verified evidence to show that the absence of any mention of a "maroon vehicle" would have changed the outcome of the case, especially since

7

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

the officers seized cocaine base from Movant. Movant has not demonstrated on any of his claims of failure to investigate that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. Although Movant may speculate or even prove that these were unreasonable errors, the lack of concrete evidence which would demonstrate a change in outcome of the case does not meet the high standard set forth in the second prong of *Strickland. Id*. at 693-94; *see also Marcrum v. Luebbers*, 509 F.3d 489 (8th Cir. 2007) (Although the defense attorney was deficient in failing to introduce evidence, the error did not prejudice the defendant to change the outcome of the case).

Second, Movant alleges that Mr. Stobbs provided ineffective assistance of counsel when he failed to investigate the destruction of the cocaine base. Specifically, Movant claims an investigation into the drug laboratory files and procedure of the destruction of drugs could have disclosed bad faith on the part of the St. Louis Metropolitan Police Department in the destruction of the drugs. Furthermore, Movant claims that an expert could have discovered that Crow's drug analysis and the laboratory's handling of the drugs were flawed. Movant claims that this could have lead to a different outcome at trial.

Although Movant claims that an investigation could have uncovered bad faith, he does not present any evidence of bad faith sufficient to meet the high standard set out in *Trombetta* and *Youngblood.* Additionally, Mr. Stobbs, an experienced trial attorney, stated in his affidavit[5] that

---

[5] Respondent's Answer included an affidavit from Mr. Stobbs in which he refutes many of the allegations set out in Movant's Section 2255 motion. [doc. #8-2].

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

he was familiar with *Trambetta*[6] and *Youngblood*,[7] and that he knew that he would not be able to overcome the standards set forth in those cases. There is no evidence that Mr. Stobbs' decision not to investigate bad faith was not "sound trial strategy," and Movant fails to meet the first prong of the *Strickland* test. 466 U.S. at 689.

In regards to Movant's claim that Mr. Stobbs failed to hire an expert to discover flaws in the drug analysis and handling, this Court is not here to determine whether the destruction of the drugs violated due process. This Court is only to determine whether Mr. Stobbs provided ineffective assistance of counsel. In evaluating counsel's decisions, this Court must view the facts as they existed at the time of Mr. Stobbs' conduct and the reasonableness of all the facts of the case. *Apfel*, 97 F.3d at 1076. At the time of trial, Mr. Stobbs did not want to emphasize the destruction of the drugs, since Movant had prior possession of cocaine base. Mr. Stobbs stated, "[b]y pushing too hard on the non-existence of the "crack" cocaine I feel I would have highlighted the Defendant's prior drug possessions of "crack" cocaine in the same area." This Court must retain a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. In this case, Movant has failed to demonstrate that Mr. Stobbs' trial strategy was not sound. Mr. Stobbs explanation for his trial strategy is reasonable and Movant has not met the first prong of the *Strickland* test. *Apfel*, 97

---

[6] The Supreme Court held that the due process clause does not require that law enforcement agencies preserve breath samples of suspected drunk drivers in order for results of breath-analysis tests to be admissible in criminal prosecutions. *California v. Trombetta*, 467 U.S. 479 (1984).

[7] The Supreme Court held that the failure to preserve potentially useful evidence was not a denial of due process absent a showing of bad faith on the part of the police. *Arizona v. Youngblood*, 388 U.S. 51 (1988).

9

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

F.3d at 1076; *Strickland*, 466 U.S. at 687.

**2.      Failure To Seek Suppression of Evidence**

Movant's second ineffective assistance of counsel claim concerns Mr. Stobbs failure to seek the suppression of evidence discovered in the initial stop by the officers. Movant claims that the officer's observation of Movant with his head in a car was insufficient to constitute reasonable suspicion of criminal activity that is necessary to justify an investigatory detention. Based on the totality of the circumstances, Respondent claims that the police officers had justifiable reasons to stop Movant.

Here, the stop was not a violation of the Fourth Amendment; thus, the evidence would not have been suppressed even had Mr. Stobbs filed such a motion. "The Fourth Amendment is not implicated when police encounter a person in a public place, ask him a few questions, and request to see the person's identification." *United States v. Wright*, 971 F.2d 176, 179 (1992); *see United States v. Locklin*, 943 F.2d 838, 839 (8th Cir. 1991). Only where a reasonable person would believe that Movant was not free to decline the officers' requests or terminate the encounter would a violation of the Forth Amendment be implicated. *Id*. A court must review the totality of the circumstances surrounding the stop. *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (Allowing police officer to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them). In reviewing the totality of the circumstances, factors such as the "time of day or night, location of the suspect parties, and the parties' behavior when they become aware of the officer's presence" are considered. *United States v. Dawdy*, 46 F.3d 1427, 1429 (8th Cir. 1995).

In this case, Movant was stopped by the officers after they observed him leaning into a

10

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

car that drove away. When the officers asked for his name, they made no threats or physical invasions. There is no evidence that they raised their voices, displayed their weapons or acted in any other manner to indicate Movant was not free to leave or refuse to answer their questions. *See Wright*, 971 F.2d at 179. The officers did not place Movant under arrest until after they discovered that he had violated his probation. Movant was not searched until the officers decided to arrest him for his parole violation, at which point the officers conducted a search and discovered the cocaine base. An arrest gives "officers authority to conduct a search of [Movant's] person incident to the arrest." *United States v. Phillips*, 2007 WL 4192211, at *1 (8th Cir. 2007). Consequently, any attempt by Mr. Stobbs to suppress the evidence seized by the officers would have been unsuccessful as the officers did not violate the Fourth Amendment.

Even assuming that Movant could establish the second prong of the *Strickland* test, that his defense was prejudiced, this claim would still fail as Movant fails to demonstrate that Mr. Stobbs' representation was deficient. In Mr. Stobbs affidavit, he asserts that his trial strategy included a decision to forgo motions in hopes of catching officers unprepared at trial. It is immaterial whether Mr. Stobb's strategy was the best course of action available to Movant, "the fact that hindsight later reveals defects in counsel's strategy does not render that strategy unreasonable." *Wing v. Sargent*, 940 F.2d 1189, 1191 (8th Cir. 1991). Also, Mr. Stobbs' actions are not ineffective under constitutional standards "merely because other lawyers may have used another strategy." *Walker v. Lockhart*, 852 F.2d 379, 383 (8th Cir. 1998). Movant has not satisfied either portion of the *Strickland* Test, as counsel was neither deficient, nor was Movant's defense prejudiced.

**3.     Failure to Raise "Cruel and Unusual Punishment"**

11

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Finally, Movant claims that the life sentence constitutes "cruel and unusual punishment" due to the sentencing disparity between "crack" cocaine and powder cocaine. He further challenges the sentence disparity on the basis of equal protection. In support his equal protection argument, Movant cites Article 5 of the International Convention on the Elimination of All Forms of Discrimination (ICERD). However, as the Respondent correctly points out, district judges apply the United States Sentencing Guideline in an advisory manner. *United States v. Booker*, 543 U.S. 220, 245 (2005). This Court is aware of the recent changes to the sentencing guidelines as seen in *Kimbrough v. United States*, 128 S.Ct. 558 (2007) and 18 U.S.C. 3582(c)(2).

However, Movant was sentenced to a mandatory minimum term of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A). Even though the crack cocaine amendment applies retroactively, Movant cannot directly benefit from the two-level reduction of the crack cocaine base offense level because of his mandatory minimum sentence. The Court has reviewed the Supplemental Memorandum submitted by Movant, and concludes that the retroactive amendment does not apply to Movant.

## VI. CERTIFICATE OF APPEALABILITY

The Court finds that Movant has not made substantial showings of the denial of a constitutional right, as is required before a certificate of appealability can be issued. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Petitioner's 28 U.S.C. § 2255 Motion.

Accordingly,

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**IT IS HEREBY ORDERED** that Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1] is **DENIED**.

Dated this 11th Day of February, 2008.

_E. Richard Webber_ (signature)
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com