UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COREY R. THOMAS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) Case No. 4:06CV01670 ERW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Movant's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) and Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b) [doc. #24]. Corey R. Thomas' ("Movant") is seeking the reconsideration of the Court's Memorandum and Order dated February 11, 2008. In the Memorandum and Order, this Court denied the Section 2255 motion, and denied Movant a certificate of appealability.

As grounds for relief, Movant asserts (1) that the Court erred in finding that trial counsel's performance did not fall below the standard of reasonable professional assistance, and (2) that the Court erred in failing to address his claim that his counsel was ineffective in failing to challenge evidence of the destroyed drugs in pretrial motions. These issues were raised by Movant in his § 2255 Motion, and they were decided by the Court.[1] Movant has not introduced new evidence, and is simply asking the Court to reconsider this issue.

The relief Movant seeks is not properly granted under Fed. R. Civ. P. 59(e), because 59(e) "motions serve the limited role of correcting 'manifest errors of law or fact or to present newly

---

[1] Movant alleges that the Court did not consider his claim that his counsel was ineffective by failing to challenge evidence of the destroyed drugs in pretrial motions. This is incorrect. The Court's Memorandum and Order addresses both Mr. Stobbs' investigation into the destroyed drugs and Mr. Stobbs' decision not to file any pretrial motions.

discovered evidence.'" *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 n.3 (8th Cir. 2006) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). Movant "does not present any additional arguments which were not previously considered by this Court's Order. Rather, he merely rehashes his previous arguments." *United States v. Libretti*, 194 F.App'x 533, 535 (10th Cir. 2006). This Motion fails under Fed. R. Civ. P. 60(b) as well because, "[t]his is not the purpose of 60(b) . . . It is not a vehicle for simple reargument on the merits." *Roadway v. Norris*, 193 F.3d 987, 989-90 (8th Cir. 1999).

The pending Motion is properly treated as a successive § 2255 application. The Eighth Circuit has directed district courts who determine that a "Rule 60(b) motion is actually a second or successive habeas petition . . . [to] dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion . . . transfer the purported Rule 60(b) motion to the Court of Appeals." *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). The Court finds that dismissal of this Motion is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) and Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b) [doc. #24] is **RECLASSIFIED** as a successive 28 U.S.C. § 2255 Motion to Vacate, Set Aside, Grant a New Trial, or Correct the Sentence.

**IT IS FURTHER ORDERED** that this Motion [doc. #24] is **DISMISSED** for failure to obtain authorization from the Eighth Circuit Court of Appeals.

Dated this 7th Day of November, 2008.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE